WILLIAMS, *Appellant*, v. DALRYMPLE.

### Division One, December 24, 1895.

**Elections:** AUSTRALIAN BALLOT: FUSION TICKET: STAUTE. Under the act of the legislature (Laws, 1891, page 134, section 4) providing that names of candidates nominated by each party shall be grouped together on the proper ballot and each group be headed with the name of the political party by which the candidates comprising the group were placed in nomination, one named as a candidate by different political parties is entitled to have his name appear upon the ballot in the group headed by the name of each party.

*Appeal from Greene Circuit Court.*—HON. W. O. MEAD, ESQ., Special Judge.

AFFIRMED.

*J. B. Upton, W. D. Hubbard, J. H. Duncan,* and *Henry C. Young* for appellant.

(1) The ticket printed upon the official ballot and captioned "Democratic Ticket," is fraudulent as a matter of law, and the contestee was not entitled to have any of such tickets cast or counted in his behalf. The

same remark applies to the ticket captioned "People's Party Ticket." *Shields v. McGregor*, 91 Mo. 534; *Gumm v. Hubbard*, 97 Mo. 311; sec. 4671, R. S. 1889; *Turner v. Drake*, 71 Mo. 285. (2) Section 4671 of the Revised Statutes of Missouri, 1889, was not repealed by the provisions of the australian ballot law. *State ex rel. v. Walbridge*, 119 Mo. 383; *Wood v. United States*, 16 Pet. 362; *Henderson's Tobacco*, 11 Wall. 657; *Lewis v. Stout*, 22 Wis. 234; *Gaston v. Merriam*, 33 Minn. 271; *Atkeson v. Lay*, 115 Mo. 538. (3) The decisions from other jurisdictions are inapplicable, because the statute of none of these forbids the casting or counting of a ticket such as is in issue here. And it will be observed by an examination of the authorities cited by respondent, and those upon which they are based, that when the law attaches the penalty of rejecting a vote cast in violation of law, that the provision is mandatory, and the ballot can not be counted. (4) The clerk of the county court has absolutely no discretion as to the form or substance of the ballot, but must print it exactly as certified to him by the officers of the convention and the secretary of state. *Atkeson v. Lay*, 115 Mo. 538.

*Massey & Tatlow* and *Goode & Cravens* for respondent.

(1) As the respondent was nominated by both the democratic and people's party, he was entitled to have his name printed on the official ballot under both captions. The design of the law is not that the caption shall designate the party to which the candidate belongs, but the party by which he was nominated. "When a candidate has been so nominated and his nomination so certified, he becomes a candidate of the particular party nominating him, and has the right to go upon the

ballot in that character. *Atkeson v. Lay*, 115 Mo. 538, *loc. cit.* 552; *Fields v. Jacobs*, 88 Mich. 64; *Miller v. Pennoyer*, 31 Pac. Rep. 830; *State v. Allen*, 62 N. W. Rep. 35; *Christy v. Stein*, 53 N. W. Rep. 999; *Simpson v. Osborn*, 34 Pac. Rep. 747; *State ex rel. v. Norris*, 55 N. W. Rep. 1086; *State ex rel. v. Benton*, 34 Pac. Rep. 301; *Fields v. Osborne*, 21 Atl. Rep. 1070; *People ex rel. v. Commissioners*, 31 Pac. Rep. 339; *Allen v. Glynn*, 29 Pac. Rep. 670; *Fisher v. Dudley*, 22 Atl. Rep. 2. (2) No objection having been made by appellant to the form of ballot and the names on it, prior to the election, he is not entitled to urge one now. He suffered the election to proceed as though the ballot was legal and honest and can not now disfranchise four thousand, nine hundred electors on the ground that it was fraudulent and void. *Bowers v. Smith*, 111 Mo. 45; *Lindstrom v. Canvassers*, 94 Mich. 467; Authorities, *supra*. (3) Clerk must print on all ballots the names of all candidates certified to him and in states with statutes like ours, in groups with the caption of the party which made the nomination. *Atkeson v. Lay, supra*; *Shields v. Jacobs, supra; Miller v. Pennoyer, supra*. (4) Under ours and similar statutes, name of candidate should be printed in two places, if he is nominated by two parties. Authorities, *supra*. (5) A candidate has a right to have all the ballots counted that were cast for him, regardless of what the ballot shows of the party which nominated him, or if it shows nothing. *State v. Norris, supra; State ex rel. v. Barbour*, 32 Pac. Rep. 35. (6) Section 4671 was intended to prevent one party from printing its candidates on a ticket which bears the caption of another party and so misleading voters. This was when political parties prepared the tickets. The tickets are now prepared by the county clerk as an official duty and such section has no application. *Turner v. Drake*,

71 Mo. 285; *Shields v. McGregor*, 91 Mo. 534. (7) But if it was still in force it would not support appellant's contention. That section was not designed to prevent one political party from selecting a candidate of a different political faith. Its object was to prevent a man from having his name put on a ticket as the candidate of a party when he was not. In other words, to advertise the character in which the candidate appeared before the people and prevent him from running as a democrat when he was nominated by the republicans only, or *vice versa*. *Shields v. McGregor*, 91 Mo. 534. (8) If the ballot were illegal or void appellant received a minority of the votes and could not succeed in this action. If the ballots were illegal, the most that can be claimed is that there was no election. *Bowers v. Smith, supra,* dissenting opinion.

MACFARLANE, J.—The suit is a contest over the election of recorder of Greene county. We adopt in substance the statement of counsel for appellant which seems to be a full and fair presentation of the case.

At the election held in November, 1894, for the election of state and county officers, in Greene county, Missouri, a ballot was printed and used which contained what is popularly termed a fusion ticket. The democratic county convention, called for the selection of county officers of Greene county, Missouri, placed before the people as nominees of the democratic convention for county officers seven democrats and nine members of the people's party. The names of these candidates were duly certified to the county clerk of Greene county, Missouri, as the nominees of the democratic county convention, and as such nominees were printed upon the official ballot used at said election by the clerk of the county court under the caption "Democratic Ticket." The people's party convention also

VOL. 132 mo—5

nominated the same candidates for the various county offices, and their names were certified by the officers of the people's party county convention to the county clerk as the nominees of said convention for the various county offices. Their names were also printed a second time upon said official ballot by the county clerk under the caption "People's Party Ticket."

It was admitted on the trial of the cause that the respondent, Charles H. Dalrymple, was a member of the democratic party, a believer in its principles, doctrines, and teachings, and that at and prior to said election, for a long period of time, he had affiliated with the democratic party. It was also admitted that his name, together with other democrats who believed in the principles of the democratic party, its doctrines and teachings, and who affiliated therewith for a number of years, were mixed and intermingled with the names of the members of the people's party, who were not democrats, but who believed in the doctrines and teachings of the people's party, and who had affiliated therewith for a long period of time, upon the official ballot under the caption "Democratic Ticket."

It was also admitted in evidence that under the caption "People's Party Ticket" upon the official ballot printed by the clerk as aforesaid, and used in said election, appeared the names of the identical candidates for county offices, whose names were printed upon said ballot under the caption "Democratic Ticket."

It was further shown and admitted in evidence and by the pleadings that of the votes cast in the county at said election the respondent received, and had counted for him, votes to the number of three thousand, five hundred by voters who voted the ticket designated upon the official ballot as "Democratic Ticket," and

that there were cast in said county for respondent by voters who voted the ticket designated upon the official ballot as "People's Party Ticket" votes to the number of one thousand, and that respondent received, in all of the votes cast and counted for him, votes to the number of four thousand, nine hundred and three.

It is further admitted by the pleadings and on the trial of the cause that the appellant received at said election four thousand, seven hundred and seventy-one votes, and that of this number at least four thousand, seven hundred votes were cast by voters who voted the ticket printed upon said official ballot, and headed under the caption "Republican Ticket."

The legality of the votes cast for appellant was challenged, and it was found as a fact, by the court trying the cause, that all of the votes cast and counted for appellant were legally cast and counted.

The court found for contestee, and contestant appealed from the judgment thereon.

Appellant insists that the tickets denominated upon the official ballot and used at said election as "Democratic Ticket" and "People's Party Ticket" are fraudulent as a matter of law and should not have been counted.

It seems to me that the contest in this case has been substantially settled by this court on three grounds. The opinion in the case of *Atkeson v. Lay*, 115 Mo. 539, can not be read without reaching the conclusion that, in the opinion of the court, the names of all candidates nominated by a convention of a political party, and properly certified, are entitled to go upon the ballot under the head of such party name, regardless of their political principles or party affiliations. Indeed, the court expressly says: "When a candidate has been so nominated and his nomination so certified,

he becomes the candidate of the political party nominating him and has the right to go upon the ballot in that character."

In *Bowers v. Smith*, 111 Mo. 45, it is held that the errors or omissions in the names or descriptions of the candidates nominated for office, will not invalidate the election at which these ballots are used when no objections to them are made before the election.

Again, in *Lankford v. Gebhart*, 130 Mo. 621, it is held that the mandatory provisions of section 4671 are repealed by the amendatory act of 1891. Upon these provisions contestant relies to invalidate the tickets upon which the name of contestee was placed.

The election law contains these provisions:

Section 4757. "Any convention of delegates * * * held for the purpose of making nominations to public office, * * * may nominate candidates for public offices to be filled by election within the state. Such nomination shall be made by filing a certificate of nomination, executed with the formalities prescribed for the execution of an instrument affecting real estate."

Section 4758. "The certificate of nomination, which may consist of one or more writings, shall contain the name of the person nominated, his residence, occupation, and the office for which he is nominated * * *. The certificate may also designate by a name the *party* * * * which such nominee shall represent."

Act of 1891: "Every ballot printed under the provisions of this article shall contain the name of every candidate whose nomination for any office specified in the ballot has been certified or filed according to the provisions of this article, and no other names. The names of candidates nominated by each party shall be grouped together upon the proper ballot, and each group

Williams v. Dalrymple.

be headed by the name of the political party by which the candidates composing said groups are placed in nomination." Acts, 1891, page 134, sec. 4.

It will be seen from these provisions that the law recognizes political parties, and the authority of delegated conventions held by them to nominate candidates for public offices, but it does not undertake to control their action in making nominations, nor to limit or restrict their liberty in respect to the political affiliation of the nominees. The action of the convention, when duly certified, gives validity to the ticket and entitles it to go upon the ballot. It is no concern of the officer who prepares the official ballot what may be the political belief of the candidates nominated by a party convention. That is a matter the convention itself has the power to determine.

The language of the statute is plain and unambiguous. "The names of candidates nominated by each party shall be grouped together on the proper ballot, and each group be headed by the name of the political party by which the candidates composing the groups are placed in nomination." If each political party nominated the same person he would be entitled to have his name go upon the ballot in the group headed by the name of each party. There could be no deception in such a ballot. Each member of a party is represented in delegated convention. He is presumed to know its action and to acquiesce in the nominations made. When he votes for the nominees he votes "the party ticket" whatever may be the political character of those who compose it. The judgment is affirmed. All the judges of this division concur.